# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**FRANKLIN COUNTY MUNICIPAL**
**COLUMBUS OHIO,** *et al.***,**

    **Plaintiffs,**

                                                                      **Civil Action 2:18-cv-358**
                                                                      **Judge George C. Smith**
    **v.**                                                    **Magistrate Judge Chelsey M. Vascura**


**DONALD L. PARRISH,**

    **Defendant.**


## ORDER and REPORT AND RECOMMENDATION

On February 2, 2018, Defendant, Donald Parrish, was charged in the Franklin County Municipal Court with driving without an operator's license and changing lanes without safety, violations of the Columbus, Ohio Traffic Code. *See City of Columbus v. Donald L. Parrish*, Franklin M.C. No. 2018 TR D 108463 (Feb. 2, 2018). Defendant removed the action to this Court on April 19, 2018. This matter is now before the Court for consideration of Defendant's Motion for Leave to Proceed *In Forma Pauperis*, which is **GRANTED**. (ECF No. 1.) Accordingly, it is **ORDERED** that judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a).

This matter is also before the Court for the initial screen of Defendant's Notice of Removal (ECF No. 1-1) under 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, the undersigned **RECOMMENDS** that the Court **REMAND** this action to the Franklin County Municipal Court.

**I.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1], which provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
>     \*    \*    \*
>
>     (B) the action or appeal--
>
>         (i) is frivolous or malicious;
>
>         (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

When the Notice of Removal provides no basis for federal jurisdiction, the Court may dismiss an action as frivolous and for lack of subject matter jurisdiction under both 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3). *See Williams v. Cincy Urban Apts.*, No. 1:10-cv-153, 2010 WL 883846, at *2 n.1 (S.D. Ohio Mar. 9, 2010) (citing *Carlock v. Williams*, 182 F.3d 916, 1999 WL 454880, at *2 (6th Cir. June 22, 1999) (table)). In Defendant's Notice of Removal, he asserts that this Court has jurisdiction over this action under the Treaty of Peace and Friendship of

---

[1] Formerly 28 U.S.C. § 1915(d).

1836 A.D., as he is an "Aboriginal Indigenous Moorish-American." (ECF No. 1-1, at 3.) The Treaty of Peace and Friendship on which Defendant relies governs disputes between Moroccan citizens and United State Citizens. *See Bey v. Ohio*, No. 1:11 CV 1306, 2011 WL 4944396, at *3 (N.D. Ohio Oct. 17, 2011). Although Defendant alleges he is of Moroccan descent, he also alleges that he was born in the United States. Defendant does not allege he is a Moroccan citizen. Therefore, this Court does not have subject-matter jurisdiction under the Treaty. Moreover, Defendant has not pled diversity jurisdiction, and the original traffic ticket filed by the Columbus Police Department does not raise a federal question. (*See* Suppl. Docs., ECF No. 3.) Therefore, the undersigned finds that this Court lacks subject-matter jurisdiction over this action.

## II.

For the reasons discussed above, the undersigned concludes that this Court lacks subject-matter jurisdiction over this action. Accordingly, it is **RECOMMENDED** that the Court **REMAND** this action to the Franklin County Municipal Court.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

  /s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE